UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**RONALD TINGLE**                                                                           **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 4:16-CV-P87-JHM**

**GRAYSON CO. DET. CENTER** *et al.*                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be allowed to continue in part and will be dismissed in part.

### I. PROCEDURAL HISTORY

Plaintiff initially filed this action in the Southern District of Indiana. It was transferred to this Court on June 6, 2016. The Court directed Plaintiff to complete and file a Court-supplied application to proceed *in forma pauperis* and a Court-supplied 42 U.S.C. § 1983 complaint form which was to include all the claims he would like to bring in this action and name all Defendants. Plaintiff filed his application to proceed *in forma pauperis* (DN 18) and his Court-supplied 42 U.S.C. § 1983 complaint form (DN 17) on September 6, 2016. The Court granted Plaintiff's motion to proceed *in forma pauperis* on September 12, 2016 (DN 21), but Plaintiff proceeded to pay the $350.00 filing fee on September 19, 2016. Plaintiff then filed a letter (DN 20), which the Court construes as an amended complaint. It is Plaintiff's complaint (DN 17) and amended complaint (DN 20) that are now before the Court for review.

## II. SUMMARY OF COMPLAINT AND AMENDED COMPLAINT

In his complaint, Plaintiff states that he is suing the Grayson County Detention Center (GCDC) and Mrs. Rita Wilson, the medical supervisor at GCDC, in both her individual and official capacities.

Plaintiff first alleges that he is served foods at GCDC that he cannot or should not eat because he has been diagnosed with diverticulosis. He states that he believes that Defendant Wilson has been deliberately indifferent to his medical needs because she refuses to place him on a special diet for diverticulosis.

Plaintiff also states that he believes his rights have been violated based upon the following:

> [N]o computer access to research everything about my claims, dates, etc. This along with my problems with my mail as they stated I now can no longer receive computer-generated mail from Sandy Boettcher whom is my only help from the outside. I cannot provide you with exact dates or the names of persons responsible as they are unknown to me. There are also other people in my cell still receiving computer-generated mail from family members.

As relief, Plaintiff states that he is seeking compensatory and punitive damages and injunctive relief in the form of being provided dentures, "a diet of foods [he] can eat and digest properly, a internal medicine doctor, or release from prison until court dates."

## III. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to

2

survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  GCDC and the Official-Capacity Claim against Defendant Wilson

First, the Court will dismiss the claims against the GCDC because it is not an entity subject to suit under § 1983. *Matthews v. Jones*, F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against GCDC are against Grayson County as the real party in interest. *Id*. ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). As to the official-capacity claim against Defendant Wilson, "[o]fficial-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Wilson is actually against the entity which employs her. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, such as Grayson County, or a private entity, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

4

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, 108 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff does not claim that any alleged constitutional injury was the result of an official custom or policy of Grayson County or the entity which employs Defendant Wilson. As such, the Court will dismiss Plaintiff's claim against Grayson County and his official-capacity claim against Defendant Wilson for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claim against Defendant Wilson

As set forth above, Plaintiff alleges that Defendant Wilson refused to place him on a special diet for diverticulosis and that this caused him "trouble with [his] diverticulosis."

The Eighth Amendment protects convicted prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. Pretrial detainee claims, though they sound in the Due Process Clause of the Fourteenth Amendment rather than Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), are analyzed under the same

rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)). An Eighth Amendment claim requires a plaintiff to prove two distinct components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the inmate's health or safety. *Id.*

To satisfy the objective component of an Eighth Amendment deliberate indifference claim, Plaintiff must show the existence of a sufficiently serious medical need, meaning that he is "incarcerated under conditions posing a substantial risk of serious harm." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d at 897 (6th Cir. 2004)).

Upon review, the Court will allow Plaintiff's individual-capacity claim against Defendant Wilson for deliberate indifference to a serious medical need to proceed at this time.

### C. Other Claims

#### 1. Lack of Computer Access

Plaintiff also alleges that his inability to access a computer is hindering his ability "to research . . . [his] claims."

"The First Amendment protects an inmate's right to access to the courts, but not necessarily his access to all the legal assistance or materials he may desire." *Tinch v. Huggins*, No. 99-3436, 2000 U.S. App. LEXIS 1913, at *1 (6th Cir. Feb. 8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)). To state a claim for denial of access to the courts, Plaintiff must demonstrate that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). A plaintiff must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented").

Here, Plaintiff does not allege that he suffered any litigation-related injury due to his inability to access a computer. Consequently, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### 2. Restriction on "Computer-Generated" Mail

Plaintiff also alleges that he can no longer receive "computer-generated mail" from "Sandy Boettcher whom is [his] only help from the outside." He further alleges that other inmates are allowed to receive computer-generated mail.

7

### a. First Amendment Claim

Although there is no question that the First Amendment applies to a prisoner's receipt of incoming mail, the right is subject to limitation. *Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir. 1996); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). In *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989), the Supreme Court held that regulations governing incoming correspondence to prisoners are valid if they are "reasonably related to legitimate penological interests." The Court will allow a First Amendment claim to proceed at this time based upon Plaintiff's alleged mail restrictions.

### b. Fourteenth Amendment Due Process Claim

Plaintiff specifically alleges that the restriction on his ability to receive computer-generated mail violates his right to due process. Because the Sixth Circuit has recognized that prisoners have a liberty interest in receiving their mail, the Court will allow Plaintiff's procedural due process claim to proceed at this time. *See Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (citing *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds* by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)).

The Court notes, however, that Plaintiff has no substantive due process interest in his incoming mail. Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Here, the First Amendment provides the source for constitutional protection. Accordingly, Plaintiff fails to state a substantive due process claim based on the rejection of his mail.

8

### c. Fourteenth Amendment Equal Protection Claim

The Court also construes Plaintiff's allegations as attempting to state a "class-of-one" equal protection claim because he alleges that other inmates are allowed to receive "computer-generated" mail and he is not.

To state a claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff claiming discrimination must ordinarily allege that a state actor intentionally discriminated against him because of his membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). However, it is also possible for a plaintiff to proceed as a "class of one." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). In order to establish a cause of action under the Equal Protection Clause based on a "class of one," Plaintiff must demonstrate "'that [ h]e has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (internal citation omitted).

The Court will also allow this claim to proceed at this time.

### d. Unknown Defendant(s)

Finally, the Court notes that Plaintiff has specifically stated that he is unable to identify the official(s) who allegedly prevented him from receiving "computer-generated" mail. "Although designation of [an unknown] defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify [the] defendant through discovery." *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985). Thus, the Court will allow Plaintiff an opportunity to learn the name or names of the unknown Defendant(s) through discovery and to amend his complaint to name

9

them as Defendants in their individual capacities and to state exactly what actions they took in relation to his "computer-generated" mail.

The Court cautions Plaintiff that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Grayson County and his official-capacity claim against Defendant Wilson are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claim based upon his inability to access a computer is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Grayson County Detention Center as a party to this action.

The Court will allow Plaintiff's Fourteenth Amendment deliberate indifference to a serious medical need claim to proceed against Defendant Rita Wilson and his First Amendment and Fourteenth Amendment claims based upon his alleged mail restrictions to proceed against the one or more "unknown Defendants" employed by Grayson County Detention Center.

A separate Scheduling Order will be entered to govern the continuing claims.

Date: December 27, 2016

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Grayson County Attorney
4414.011

11