# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**RONALD TINGLE**                                                                                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 4:16-CV-P87-JHM**

**GRAYSON CO. DET. CENTER** *et al*.                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon several miscellaneous motions filed by *pro se* Plaintiff Ronald Tingle. The Court will address each of these motions in turn.

### I. MOTION TO OBTAIN DOCUMENTS (DN 40)

In this motion, Plaintiff states that he has not received the discovery documents Defendant Wilson certified to the Court that she had produced to Plaintiff in compliance with the Court's Scheduling Order and Order Regarding Service (DN 34). Plaintiff asks the Court to order Defendant to forward these documents to him at his new address. In her response, Defendant Wilson states the documents she mailed to Plaintiff at his former address were never returned as undeliverable, but that she will nonetheless forward these same documents to Plaintiff at his new address. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to obtain documents (DN 40) is **DENIED as moot.**

### II. MOTION TO APPOINT COUNSEL (DN 42)

In this motion, Plaintiff requests "the assignment of counsel" because he is "untrained in the law." However, the law does not require the appointment of counsel for indigent plaintiffs in civil cases. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Indeed, the appointment of counsel in a civil proceeding is not a constitutional right but a privilege that is justified only by exceptional circumstances. *Id. See also Lanier v. Bryant*, 332 F.3d 999, 1006

(6th Cir. 2003); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado v. Keohane,* 992 F.2d at 606. (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this time. *See Knowles-Browder v. Ca. Forensic Med. Group Staff*, No. CIV S-05-1260, 2006 U.S. Dist. LEXIS 20973, at *1 (E.D. Cal. Apr. 10, 2006) ("Most pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited."). Furthermore, based on a review of the documents filed by Plaintiff thus far, the Court finds his filings relatively clear and straight-forward, which indicates that, at this point, Plaintiff is capable of representing himself. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this stage. However, nothing in this Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should exceptional circumstances arise to justify such an appointment.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for the appointment of counsel (DN 42) is **DENIED**.

### III. MOTION FOR CONTINUANCE (DN 43); MOTION TO PUT COURT ON NOTICE OF DEFENDANT'S NON- COMPLIANCE (DN 44); MOTION TO STRIKE INTERROGATORIES (DN 47)

In Plaintiff's first motion (DN 43), he asks the Court for a 60-day continuance to respond to Defendant's interrogatories. Plaintiff indicates that he cannot respond to the interrogatories

because he does not have them in his possession. In Plaintiff's second motion (DN 44), Plaintiff reiterates that Defendant Wilson has not provided him with the interrogatories in question. In Plaintiff's third motion (DN 47), he asks the Court to "strike the interrogatories" sent by Defendant Wilson which reference an automobile accident because they are unrelated to the issues in this case.

The Court first notes that Plaintiff's motion to "strike the interrogatories" indicates that he has in fact received Defendant Wilson's interrogatories. Moreover, in Defendant Wilson's response to Plaintiff's motion to strike, she states that she never moved to compel Plaintiff to answer the interrogatories, and that such answers are moot unless her motion to dismiss/ alternate motion for summary judgment are denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for a continuance (DN 43); motion to put the Court on notice of Defendant's non-compliance (DN 44); and motion to strike interrogatories (DN 47) are **DENIED as moot.** Plaintiff is not required to answer Defendant's interrogatories unless ordered to do so following the Court's ruling on Defendant's motion to dismiss/alternate motion for summary judgment.

### IV. MOTION TO REQUEST ARBITRATION (DN 46)

Plaintiff has also filed a motion requesting "arbitration by Court to preserve time, monies, and resources of all the parties." He states that he seeks an arbitrator to settle the claims he has brought pursuant to "1) § 1331- A Bivens Action, thus liable on both individual and official capacity levels; 2) § 1332 – A Diversity Action, thus a Federal Jurisdictional mandatory minimum of $75,000 per party/claim; [and] 3) Punitive Damages Sought . . ." However, the statutes cited by Plaintiff do not provide a statutory basis for compelling arbitration in this case. Plaintiff has also failed to identify any contractual basis for arbitration. Thus, **IT IS HEREBY**

3

**ORDERED** that Plaintiff's motion to request arbitration (DN 46) is **DENIED**. Moreover, to the extent that Plaintiff is requesting a settlement conference, such a request is premature at this time. However, the Court may order a settlement conference if the case proceeds to trial.

Date: January 29, 2018

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                                   United States District Court

cc:    Plaintiff, *pro se*
        Counsel of Record
4414.011